IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN K. LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-21-RJD |
| ) | |
| ADM, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Justin Lynch (Doc. 3).

Plaintiff filed this lawsuit claiming Defendant ADM denied his right "to be free from harassment, intimidation, and abuse" (Doc. 2 at 4). Plaintiff does not set forth any specific allegations regarding the alleged harassment, intimidation, or abuse. Plaintiff states that he is "out of work because of the matter and put further/future advancement at risk" (Id. at 5). He now moves to proceed without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Additionally, under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Here, Plaintiff fails to allege enough facts to state a claim for relief. It is unclear to the Court what claim or claims Plaintiff is attempting to bring against Defendant ADM. As best the Court can tell, it appears Plaintiff may be attempting to raise a hostile work environment claim. However, Plaintiff fails to state whether the harassment was based on race, color, religion, sex, age, disability, etc. The factual allegations in the Complaint are too bare bones to state a claim. While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is

Additionally, under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Here, Plaintiff fails to allege enough facts to state a claim for relief. It is unclear to the Court what claim or claims Plaintiff is attempting to bring against Defendant ADM. As best the Court can tell, it appears Plaintiff may be attempting to raise a hostile work environment claim. However, Plaintiff fails to state whether the harassment was based on race, color, religion, sex, age, disability, etc. The factual allegations in the Complaint are too bare bones to state a claim. While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is

plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as noted above, a plaintiff cannot simply put a few words on paper that suggests something illegal might have happened. *Swanson*, 614 F.3d at 403. The Court simply needs more information before it can determine whether Plaintiff can proceed with a claim against ADM.

## Conclusion

For these reasons, the Complaint is **DISMISSED** without prejudice for failure to state a claim. The Court **GRANTS** Plaintiff Justin Lynch leave to refile an Amended Complaint on or before **February 28, 2020**. Plaintiff is encouraged to consult the Court's website, www.ilsd.uscourts.gov, for sample forms (under "Rules & Forms" – "For Self Help/Pro Se Parties").

The Court **RESERVES RULING** on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3). The Court also advises Plaintiff that, should his Amended Complaint pass initial review, he will be responsible for serving ADM unless he moves for service of process at the Government's expense.

**IT IS SO ORDERED.**

**DATED: January 29, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**