IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN K. LYNCH,

        Plaintiff,

v.

ARCHER-DANIELS-MIDLAND
COMPANY,

        Defendant.

Case No. 20-CV-21-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint filed by defendant, Archer-Daniels-Midland Company ("ADM"). (Doc. 27). For the reasons set forth below, this Court grants the Motion in its entirety.

## PROCEDURAL HISTORY

On January 6, 2020, plaintiff, Justin Lynch ("Lynch"), filed his original Complaint. (Doc. 2). At that time, Lynch also filed a Motion for Leave to Proceed *in forma pauperis,* which requires the court to screen the complaint and review the allegations. (Doc 3). On January 26, 2020, the court, *sua sponte,* dismissed the complaint without prejudice for failure to state a claim. (Doc. 7). Although the court dismissed the complaint, Lynch was granted leave to file an Amended Complaint before February 28, 2020. (*Id.*). On February 15, 2020, Lynch filed his Amended Complaint against ADM. (Doc. 8). On June 15, 2020, ADM filed a Motion to Dismiss the Amended Complaint, along with Supporting Memorandum of Law. (Docs. 19 and

20). On August 12, 2020, the Court granted the Motion to Dismiss for failure to State a Claim, deeming Plaintiff's failure to respond as an admission of the merits of the motion. (Doc. 24). At that time, Lynch was also granted one last opportunity to refile and Amended Complaint. (*Id.*). On September 14, 2020, Lynch filed his [Second] Amended Complaint against ADM. (Doc. 25). On September 28, 2020, ADM filed a Motion to Dismiss Second Amended Complaint, along with supporting Memorandum of Law. (Docs. 27 and 28). On October 15, 2020, Lynch filed a Reply to Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 30).

## LEGAL ANALYSIS

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Plausibility is not a symptom for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d 901 (7th Cir, 2009).

The Court of Appeals for the Seventh Circuit has clarified that courts must approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere*

*& Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d 901 (7th Cir, 2009).

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 652 (1972); *Henderson v. Sheahan,196 F.3d 839 (7th Cir. 1999).* However, a *pro se* complaint can be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97 (1976); *Henderson*, 196 F.3d at 846. Such is this case.

Lynch alleges this action is brought pursuant to the Second and Eighth Amendments, but it is unclear to the Court what claim or claims he is attempting to bring against ADM. (Doc. 25). It may be an attempt at a hostile work environment claim, but if so, Lynch fails to state whether the harassment was based on race, color, religion, sex, age, disability, etc. (*Id.*). While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is plausible on its face, Lynch's bare bones allegations are nothing more than words on paper that suggest something might have happened. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Swanson v. Citibank, N.A.,* 614 F.3d 400 (7th Cir. 2010).

## CONCLUSION

This Court has given Lynch three chances to file a Complaint that states a cogent, discernable cause of action against ADM. The [Second] Amended Complaint

fails to provide the focus and clarity needed to succeed at stating a cognizable cause of action. As his two previous efforts to file a suitable Complaint fell short, this latest attempt has done little, but to underscore that any further attempts to state a coherent cause of action would be futile.  Thus, this Court concludes that the Motion to Dismiss should not only be GRANTED, but granted with prejudice.

    **IT IS SO ORDERED.**

    **DATED: October 30, 2020**

                                             **/s/ Stephen P. McGlynn**
                                             **STEPHEN P. McGLYNN**
                                             **U.S. District Judge**